UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | No. 2:15-cv-1767 JAM KJN P |
| Plaintiff, | |
| v. | ORDER & FINDINGS & RECOMMENDATIONS |
| R. AGREDANO, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On July 19, 2016, defendants filed a motion for summary judgment on grounds that plaintiff failed to exhaust administrative remedies. (ECF No. 26.) On October 29, 2015, the court advised plaintiff of the requirements for opposing a motion for summary judgment based on plaintiff's failure to exhaust administrative remedies pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (ECF No. 13.)  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

    On August 24, 2016, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days.  (ECF No. 28.)  In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the:  (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to

comply with these rules and a court order. Plaintiff was also informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The thirty day period has now expired and plaintiff has not responded to the court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for one year and has reached the stage, set by the court's February 3, 2016 scheduling order, for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. (See Scheduling Order, filed February 3, 2016 (ECF No. 19).) Plaintiff's failure to comply with the Local Rules and the court's August 24, 2016 order suggests that she has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no

1  avail.  The court finds no suitable alternative to dismissal of this action.

2  The fourth factor, public policy favoring disposition of cases on their merits, weighs
3  against dismissal of this action as a sanction.  However, for the reasons set forth above, the first,
4  second, third, and fifth factors strongly support dismissal.  Under the circumstances of this case,
5  those factors outweigh the general public policy favoring disposition of cases on their merits.  See
6  Ferdik, 963 F.2d at 1263.

7  For the foregoing reasons, IT IS HEREBY ORDERED that defendants' summary
8  judgment motion (ECF No. 26) is vacated; and

9  IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice
10  pursuant to Federal Rule of Civil Procedure 41(b).

11  These findings and recommendations are submitted to the United States District Judge
12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13  after being served with these findings and recommendations, any party may file written
14  objections with the court and serve a copy on all parties.  Such a document should be captioned
15  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
16  objections shall be filed and served within fourteen days after service of the objections.  The
17  parties are advised that failure to file objections within the specified time may waive the right to
18  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  Dated:  October 12, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Will1767.fr